## Chicago & Northwestern Railway Company v. Barnett Simon.

1. COMMON CARRIERS.—*Can Not Limit Its Common Law Liability.* —Under the statute of 1874, R. S. Ch. 27, a common carrier can not limit its common law liability, safely, to deliver property at the place to which the same is to be transported, by any stipulation or limitation expressed in the receipt given for such property.

2. SAME—*To Destinations Beyond Its Line.*—If goods are delivered to a common carrier marked for a place beyond the terminus of its line, and it receives the goods to carry, the carrier is bound by the common law rule to carry them, and if they are lost, to account to the owner for their value.

3. BILLS OF LADING—*Do Not Change the Rights of the Parties.*—A bill of lading does not change the rights of the parties.

**Memorandum.**—Assumpsit. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Submitted at the October term of this court, 1894, and affirmed. Opinion filed February 12, 1895.

A. W. Pulver, attorney for appellant; Lloyd W. Bowers and E. E. Osborn, of counsel.

Rosenthal, Kurz & Hirschl, attorneys for appellee.

Mr. Justice Gary delivered the opinion of the Court.

A business man may well be ignorant of what places a particular railroad may extend to, but if he makes a contract with a railway, which contract contains provisions relating to the liability the railway assumes as to places not on its line, he must take notice whether the place, material in his contract, is on or off the line of that railway. Contracts necessarily assume knowledge by the contracting parties of the subject-matter of the contracts. And when one acts by an agent, knowledge by the agent in the matter in which he acts, is knowledge of, or notice to, the principal.

In this case the appellee had been long accustomed to have in his possession blank receipts furnished by the appellant, which provided that if the property was to be forwarded beyond the lines of the appellant, it should be delivered to a carrier to be carried to the place of destination; and that the responsibility of the appellant should cease at its depot, at which the property was to be delivered to such carrier.

April 29, 1889, by order of the appellee, his bookkeeper shipped a case of dry goods marked " B. Simon, Seattle, W. T.," by the railway of the appellant, and sent to the depot, with the case, one of the receipts, properly filled out for signature by the agent of the appellant.

The agent signed it by a stamp which in large letters stated, " Not responsible beyond the terminal station on this line." The receipt was returned to the store of the appellee, who two days afterward exchanged it for a bill of lading, without, as he testified, knowing the contents of either.

At Minnesota Transfer, in the State of Minnesota, the terminal station of the railway of the appellant on the line between Chicago and Seattle, the appellant delivered the case to the Northern Pacific Co., the connecting railway

toward Seattle. There was a wrong delivery of the case by the Puget Sound Shore Railroad Co., so that it was lost to the appellee, and he sued the appellant for such loss and has recovered.

The bookkeeper of the appellee was not a witness. It must therefore be assumed that he knew, and assented to, the contents of a form which he used in business, the blanks in which were filled up by himself; and the effect of such knowledge is the same as if the appellee himself, with such knowledge, had done what the bookkeeper did.

The appellant, therefore, is not liable for the loss of the case by the Puget Sound Shore Co., unless made so by the statute of 1874, Ch. 27, R. S., "that whenever any property is received by a common carrier to be transported from one place to another, within or without this State, it shall not be lawful for such carrier to limit his common law liability safely to deliver such property at the place to which the same is to be transported by any stipulation or limitation expressed in the receipt given for such property."

See cases collected in Chicago & Northwestern Ry. v. Chapman, 133 Ill. 96.

Under circumstances which may have been substantially the same as they were in this case, the Appellate Court of the Second District held the railway not liable. Chicago & Northwestern Ry. v. Church, 12 Ill. App. 17.

But that court speaks of an agreed state of facts without reciting the agreement. In one place it says that "the main question seems to be what was the contract," and in another that it was agreed that the appellant was only " to transport the goods from Sterling to the end of its line in Chicago." Here it is certain that there were no negotiations between the parties. Whatever contract is in the case, must be made out from what was done.

Now, in Illinois Central R. R. v. Frankenberg, 54 Ill. 88, which has been adhered to ever since (Wabash, St. L. & P. Ry. v. Jaggerman, 115 Ill. 407), it is held in terms, that if a package be delivered to a railroad marked for any " place off their route, and they receive it to carry, they are bound,

by this rule of the common law, if the parcel or package be lost, to account to the owner for its value."

We are bound by this declaration as to what is the "rule of common law," and the statute prohibits the limitation of this "common law liability" by a receipt.

We do not understand that the bill of lading is supposed by either party to change the rights of the parties.

The object of the statute is apparently to cut off any inquiry whether a shipper had knowledge of, and assented to, the terms of a receipt given by a carrier; Chicago & Northwestern Ry. v. Chapman, 133 Ill. 96; and it follows that here the receipt is no evidence that the contract of the carrier was only to carry to a connecting line. The judgment is affirmed.